## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**MALCOLM WIENER,**

       *Plaintiff,*

       v.

**MIB GROUP, INC., and JONATHAN SAGER,**

       *Defendants.*

Case No. 1:22-cv-10799

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................... 1

BACKGROUND ................................................................................................................... 6

STANDARD OF REVIEW ................................................................................................... 9

ARGUMENT ...................................................................................................................... 10

I.       Plaintiff Lacks Constitutional Standing. .................................................................. 10

II.      Plaintiff Cannot Allege Any Violation of the FCRA. .............................................. 12

         A.       No Willful Violation (§1681n) of the FCRA ................................................ 12

         B.       No Negligent Violation (§1681o) of the FCRA ........................................... 14

         C.       Plaintiff Cannot Meet the Statutory Requirements of Section 1681r .................. 16

                  1.       "Any officer or employee of a consumer reporting agency" expressly
                           excludes MIB as a Defendant. ................................................................ 16

                  2.       The provision "who . . . willfully provides information" demands that the
                           plaintiff allege recklessness, which the Complaint fails to do.................. 17

III.     Plaintiff Cannot Obtain Injunctive Relief Against Mr. Sager That is Mooted by Mr.
         Sager's Retirement from Employment at MIB, Or Relief Against Defendants Unavailable
         as a Matter of Law. .................................................................................................... 17

CONCLUSION.................................................................................................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)...................................................................................................9

*Barrepski v. Cap. One Bank (U.S.A.) N.A.,*
   Civil Action No. 11-30160, 2014 WL 935983 (D. Mass. Mar. 7, 2014)................................15

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 554 (2007)...................................................................................................9

*Brown v. Penn. Higher Educ. Agency,*
   Civil Action No.19-979, 2019 WL 2103127 (D.D.C. May 14, 2019)................................5, 18

*Chiang v. Verizon New England Inc.,*
   595 F.3d 26 (1st Cir. 2010).........................................................................................4

*Clorox Co. P.R. v. Proctor & Gamble Commercial Co.,*
   228 F.3d 24 (1st Cir. 2000).......................................................................................10

*Cortez v. TransUnion,*
   617 F.3d 688 (3rd Cir. 2010) ....................................................................................14

*Crupar-Weinmann v. Paris Baguette Am., Inc.,*
   41 F. Supp. 3d 411 (S.D.N.Y. 2014).........................................................................14

*Dantzler, Inc. v. Empresas Berrios Inventory & Operations, Inc.,*
   958 F.3d 38 (1st Cir. 2020).......................................................................................10

*Freeman v. Town of Hudson,*
   714 F.3d 29 (1st Cir. 2013).......................................................................................10

*Gillette Co. v. Provost,*
   91 Mass. App. Ct. 133 (2017)....................................................................................14

*Haley v. City of Boston,*
   657 F.3d 39 (1st Cir. 2011).........................................................................................9

*Hochendoner v. Genzyme Corp.,*
   823 F.3d 724 (1st Cir. 2016).......................................................................................9

*Jones v. Federated Fin. Rsrv. Corp.,*
   144 F.3d 961 (6th Cir. 1998) ....................................................................................17

*Kenn v. Eascare, LLC*,
    483 F. Supp. 3d 26 (D. Mass. 2020) ...................................................................12

*Kowalski v. Gagne*,
    914 F.2d 299 (1st Cir. 1990) ........................................................................9, 10

*Landry v. Thomson Reuters Corp.*,
    No. 16-cv-00507, 2018 WL 4568809 (D.N.H. Sept. 24, 2018)..............................12

*Logan v. Bank of America, N.A.*,
    Civil Action No. 19-cv-11483, 2020 WL 1245124 (D. Mass. Mar. 16, 2020) ........6

*Lucente v. Int'l Bus. Machs. Corp.*,
    310 F.3d 243 (2d Cir. 2002)..........................................................................14

*McIntyre v. RentGrow, Inc.*,
    34 F.4th 87 (1st Cir. 2022).................................................................4, 12, 13, 14

*Mosley v. Bank of Am., N.A.*,
    No. CV 20-3065, 2021 WL 4243406 (D.D.C. Sept. 17, 2021) ...........................5, 18

*Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*,
    163 F.3d 449 (7th Cir. 1998) ..........................................................................10

*O'Hara v. Diageo-Guinness, USA, Inc.*,
    306 F. Supp. 3d 441 (D. Mass. 2018) ............................................................9, 10

*Persinger v. Sw. Credit Sys., L.P.*,
    20 F.4th 1184 (7th Cir. 2021) ........................................................................15

*Rodi v. S. New England Sch. of L.*,
    389 F.3d 5 (1st Cir. 2004)................................................................................9

*Safeco Ins. Co. of Am. v. Burr*,
    551 U.S. 47 (2007).........................................................................12, 13, 14, 16

*Spokeo v. Robins*,
    578 U.S. 330 (2016)............................................................................ *passim*

*Steel Co. v. Citizens for Better Env't*,
    523 U.S. 83 (1998)........................................................................................11

*Syed v. M-I, LLC*,
    853 F.3d 492 (9th Cir. 2017) ..........................................................................15

*Massachusetts v. U.S. Dep't of Health & Human Servs.*,
    923 F.3d 209 (1st Cir. 2019)...........................................................................10

*Washington v. CSC Credit Servs. Inc.*,
    199 F.3d 263 (5th Cir. 2000) ........................................................5, 18

*Watterson v. Page*,
    987 F.2d 1 (1st Cir. 1993) ...............................................................10

*Wiener v. Axa Equitable Life Ins. Co.*,
    1:16-cv-04019-ER-OTW (S.D.N.Y.), ECF No. 1 ...............................1

*Wiener v. AXA Equitable Life Ins. Co.*,
    3:18-cv-00106-RJC-DSC (W.D.N.C.), ECF No. 43.............................6

*Wiener v. AXA Equitable Life Ins. Co.*,
    3:18-cv-00106-RJC-DSC (W.D.N.C.), ECF No. 48.............................3

*Wiener v. AXA Equitable Life Ins. Co.*,
    3:18-cv-00106-RJC-DSC (W.D.N.C), ECF No. 63.............................7

*Wiener v. AXA Equitable Life Ins. Co.*,
    3:18-cv-00106-RJC-DSC (W.D.N.C), ECF No. 92......................*passim*

*Wiener v. AXA Equitable Life Insurance Company*,
    3:18-cv-00106-RJC-DSC (W.D.N.C.), ECF No. 117...........................12

**Statutes**

15 U.S.C. § 1681 ....................................................................................12

15 U.S.C. § 1681n.......................................................................4, 12, 17

15 U.S.C. § 1681n(a) ..............................................................................12

15 U.S.C. § 1681o...............................................................................4, 14

15 U.S.C. § 1681o(a) ..............................................................................14

Fair Credit Reporting Act .................................................................*passim*

Fair Credit Reporting Act § 1681r .....................................................*passim*

**Other Authorities**

F.R.E. 201(b)...........................................................................................10

Federal Rules of Civil Procedure Rule 12(b)(1) ......................................9

Federal Rules of Civil Procedure Rule 12(b)(6) ..........................1, 2, 9, 10

Local Rules of Civil Procedure Rule 7.1 ..................................................1

Local Rules of Civil Procedure Rule 7.1(a)(2) ............................................................1

U.S. Constitution Article III................................................................2, 3, 11

Pursuant to Local Rule 7.1 of the Local Rules of Civil Procedure for the District of Massachusetts, and Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants MIB Group, Inc. and Jonathan Sager hereby move to dismiss Plaintiff's First Amended Complaint ("FAC," ECF No. 16) with prejudice. Pursuant to Local Rule 7.1(a)(2), the parties have conferred and have attempted in good faith to resolve or narrow the issues presented before the filing of this motion.

## INTRODUCTION

In this lawsuit, Plaintiff Malcolm Wiener challenges the probative value of an affidavit – filed in a different lawsuit over two years ago – as the byproduct of an alleged unauthorized disclosure of consumer information under the Fair Credit Reporting Act. At its core, this lawsuit is an attempt by a serial plaintiff to collaterally attack the credibility of a non-party witness who testified in Plaintiff's separate lawsuit against his insurance company. As set forth below, the FAC cannot satisfy basic pleading requirements and should be dismissed with prejudice.

Defendant MIB Group, Inc. ("MIB") is a member-owned corporation whose services are used exclusively by MIB's member life and health insurance companies to assess an individual's risk and eligibility during the underwriting of various life and health insurance policies. In June 2020, MIB's now-retired Executive Vice President and General Counsel Defendant Jonathan Sager provided a sworn affidavit (the "June 2020 affidavit") filed in a different lawsuit that Plaintiff brought against AXA Equitable Life Insurance Company ("Equitable") in North Carolina *See Wiener v. AXA Equitable Life Ins. Co.*, 3:18-cv-00106-RJC-DSC (W.D.N.C.).[1] He provided the June 2020 affidavit simply as a custodian of materials that were at issue in the North Carolina litigation. *See, e.g.*, FAC Ex. A ¶ 10, ECF No. 16-1.

---

[1] Mr. Weiner has also filed an action against Equitable in the Southern District of New York. *See Wiener v. Axa Equitable Life Ins. Co.*, 1:16-cv-04019-ER-OTW (S.D.N.Y.), ECF No. 1 (case filed in June 2015); ECF Nos. 253, 254 (granting Equitable's motion for summary judgment, and closing the case).

Plaintiff alleged that Equitable provided MIB with inaccurate medical information resulting in harm to him. *See* FAC ¶¶ 7-14. Mr. Wiener and Equitable have litigated that allegation and related issues since 2018. *See id*. ¶¶ 24-25. After receiving the June 2020 affidavit – and not in consultation with MIB or Mr. Sager – Equitable submitted the June 2020 affidavit in support of a motion to exclude Plaintiff's expert's opinions in the Western District of North Carolina case, and Plaintiff moved to strike the June 2020 affidavit as part of a motion to compel the production of documents mentioned in the June 2020 affidavit. *See Wiener v. AXA Equitable Life Ins. Co.*, 3:18-cv-00106-RJC-DSC (W.D.N.C), ECF No. 92 ("Mot. to Compel and Strike"). The North Carolina court denied Plaintiff's Motion to Compel and Strike. *See id*. at ECF No. 109 ("Denial of Mot. to Compel and Strike").

Two years later – after losing his New York suit and appealing the North Carolina decision – Plaintiff now sues MIB and Mr. Sager alleging willful and negligent violations of section 1681r of the Fair Credit Reporting Act ("FCRA") on the theory that Plaintiff did not give Defendants permission to provide Equitable with information about Plaintiff that was memorialized in the affidavit, and that doing so entitles him to an injunction and either statutory or actual damages. *See* FAC ¶¶ 41-59.

This Court should dismiss the FAC with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for several reasons. First, the FAC fails to establish Article III standing under *Spokeo*, pleading no cognizable injury as required for a viable FCRA claim. Second, the FAC fails to plead the necessary elements of a willful or negligent FCRA violation, including knowing or reckless noncompliance with the statute or a causal nexus between alleged wrongdoing and harm to Plaintiff. Third, the FAC fails to plead a violation of the substantive FCRA provision at issue (section 1681r), which is directed to individuals and not entities such as MIB. Fourth, as

Mr. Sager is retired from his MIB post, Plaintiff's requested injunction against Mr. Sager is moot. Furthermore, the requested injunctive relief against Defendants is not available as a matter of law.

***Plaintiff Lacks Article III Standing.*** Plaintiff does not allege that Mr. Sager provided false information to Equitable or that the June 2020 affidavit contains false information. There is no dispute that the information Mr. Sager provided to Equitable was truthful and accurate.

Plaintiff also does not allege that Mr. Sager provided medical information to Equitable that was not already public. On the contrary, Mr. Wiener himself disclosed in February 2020 that his MIB file allegedly contains inaccurate medical information – months before the June 2020 affidavit – in a public brief he filed in the Equitable matter. *See Wiener v. AXA Equitable Life Ins. Co.*, 3:18-cv-00106-RJC-DSC (W.D.N.C.), ECF No. 48 ("Mem. in Opp'n to Def.'s Mot for Summ. J., filed by Malcolm Weiner") (herein, "Equitable Litigation Opp'n Br.").

Perhaps most critical, Plaintiff does not allege a concrete injury. The FAC says that Mr. Weiner's injury was having to file the Motion to Compel and Strike. *See* FAC ¶ 43. But Plaintiff was not forced to do this – he chose to do so on his own, so it cannot constitute financial or other damage that deserves recompense. Moreover – as the North Carolina court concluded – the Motion to Compel and Strike was "meritless" and "a veiled request for reconsideration of the Magistrate Judge's order denying Plaintiff's first motion to compel." *See* Denial of Mot. to Compel and Strike at 14. Thus, the Motion to Compel and Strike not only fails to constitute a cognizable injury; Plaintiff also cannot allege that Defendants' conduct caused him to file it.

Instead, Plaintiff's claims are a belated "gotcha" of alleged technical violations with no material adverse impact on Plaintiff at all. This is precisely the type of "bare procedural violation, divorced from any concrete harm" that fails to satisfy the injury-in-fact requirement of Article III

of the U.S. Constitution in an FCRA case. *Spokeo v. Robins*, 578 U.S. 330, 341 (2016). On this basis alone, the Complaint must be dismissed.

       ***Plaintiff Cannot Make Out a Willfulness Violation (15 U.S.C. § 1681n).*** Under Section 1681n of the FCRA, "willfulness requires the plaintiff to show that the noncompliance was knowing or reckless." *McIntyre v. RentGrow, Inc.*, 34 F.4th 87, 93 (1st Cir. 2022) (citation omitted). The FAC does not allege that Defendants were reckless about the risk of violating the FCRA through informing Equitable – a "furnisher" to MIB under the FCRA – about information in Mr. Weiner's MIB file where Mr. Wiener alleged the information was not accurate. Moreover, because Mr. Wiener had already disclosed the exact same information as part of the Equitable lawsuit, there can be no knowing or reckless noncompliance. *See* 15 U.S.C. § 1681r (requires "willfully" providing information "to a person not authorized to receive that information[.]").

       ***Plaintiff Cannot Make Out a Negligent Violation (15 U.S.C. § 1681o).*** As explained above, the FAC does not allege causation between the provision of information to Equitable and any injury to Plaintiff. Causation is necessary to establish a section 1681o claim. *See Chiang v. Verizon New England Inc.*, 595 F.3d 26, 37 (1st Cir. 2010) (stating that "some causal relationship between" the defendant's conduct and the plaintiff's damage must be shown to make out a negligent noncompliance claim).

       ***Plaintiff Cannot Make Out a Violation of the Substantive Provision at Issue (15 U.S.C. § 1681r).*** "The FCRA contains substantive provisions . . . that set out the compliance duties. . . Section 1681o and section 1681n provide for liability for negligent noncompliance and willful noncompliance, respectively, with those compliance duties." *McIntyre*, 34 F.4th at 92. As stated above, the substantive provision alleged in the Complaint is section 1681r. A plain reading of section 1681r shows that the FAC fails to state a claim for at least three reasons:

- First, the provision governs the acts of "officer[s] or employee[s] of a consumer reporting agency" and not MIB, which is a consumer reporting agency. *See* 15 U.S.C. § 1681r; *see* FAC ¶ 2.

- Second, section 1681r of the FCRA requires proving that the defendant "willfully" provided information to another who is not authorized to receive it. *See* 15 U.S.C. § 1681r. As explained above, Defendants' conduct was not willful.

- Third, the provision restricts officers or employees of consumer reporting agencies from providing information "to a person not authorized to receive that information." *See* 15 U.S.C. § 1681r. But the FAC fails to allege that Equitable was not authorized to receive the information from Mr. Sager.

     ***Requested Injunctive Relief is Moot and Not Available as a Matter of Law***. The FAC seeks an injunction to restrain Mr. Sager from certain conduct as an MIB employee. The requested relief is moot because Mr. Sager has retired from his MIB post after years of service as Executive Vice President and General Counsel. Furthermore, the injunctive relief sought against MIB and Mr. Sager is not available as a matter of law. *See, e.g.*, *Mosley v. Bank of Am., N.A.*, No. CV 20-3065, 2021 WL 4243406, at *5 (D.D.C. Sept. 17, 2021) (granting motion to dismiss FCRA claims, finding no private right of action for equitable relief); *Brown v. Penn. Higher Educ. Agency*, Civil Action No.19-979, 2019 WL 2103127, at *2 (D.D.C. May 14, 2019) ("Nothing in the text of the FCRA 'allows private litigants to maintain a claim for injunctive relief[.]'") (quoting *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 268 (5th Cir. 2000)).

## BACKGROUND[2]

Over four years ago, Mr. Weiner sued Equitable. *See* FAC ¶ 24. He alleged that Equitable "falsely and negligently concluded that Mr. Weiner had suffered a suspected stroke and had sleep apnea, cognitive impairment, and a precancerous medical condition called MGUS." (herein, the "Medical Conditions") *id*. ¶ 13. Equitable then allegedly submitted a report to MIB that contained this information, and thus "the MIB database reflected false information concerning Mr. Wiener's medical history." *Id*. ¶ 14.[3] The Equitable litigation is currently before the Fourth Circuit Court of Appeals. *See id*. ¶ 25 n.1.

In January 2020, Equitable filed a motion for summary judgment in the Equitable litigation. *See Wiener v. AXA Equitable Life Ins. Co.*, 3:18-cv-00106-RJC-DSC (W.D.N.C.), ECF No. 43. In February 2020, Mr. Wiener filed his opposition brief, along with ten exhibits. *See* Equitable Litigation Opp'n Br. The opposition brief identifies and describes the Medical Conditions that were allegedly placed into Mr. Wiener's MIB file. For example, in the background section, Mr. Wiener identifies each of the allegedly inaccurate Medical Conditions. *See id*. at 3. In the section discussing why the libel claim should not be dismissed, Mr. Wiener discusses in significant detail why each of the Medical Conditions is inaccurate. *See id*. at 9-13.

On June 22, 2020 – after the court had ruled on Equitable's motion for summary judgment – "[Equitable] obtained information from Mr. Sager at least some of which was ultimately

---

[2] The facts in Plaintiff's FAC are assumed as true solely for purposes of this Motion to Dismiss. *See Logan v. Bank of America, N.A.*, Civil Action No. 19-cv-11483, 2020 WL 1245124, at *2 (D. Mass. Mar. 16, 2020). Defendants dispute many of the factual allegations contained in the FAC. Defendants further notes that Ex. B to the FAC is not an "excerpt" from Mr. Sager's testimony at the Equitable trial, FAC ¶ 32, but instead a copy of his entire testimony in that proceeding.

[3] Defendants are compelled to state that this is false, as demonstrated in paragraphs 13-14 of Mr. Sager's Declaration (Ex. A to the FAC). In addition, though outside the pleadings, Plaintiff knows that this is false *at least* because he has received a copy of his own MIB file, which shows that his MIB file does not state that Mr. Wiener has the alleged Medical Conditions. Mr. Wiener, in short, has failed to disclose that he actually knows that allegations which are core to his FAC are false.

documented in a sworn affidavit." FAC ¶ 26; *see also Wiener v. AXA Equitable Life Ins. Co.*, 3:18-cv-00106-RJC-DSC (W.D.N.C), ECF No. 63 (granting in part and denying in part Defendant's motion for summary judgment on June 5, 2022). The June 2020 affidavit is attached to Mr. Wiener's FAC. *See* FAC Ex. A.

The FAC alleges that Equitable was able to prepare the June 2020 affidavit because Mr. Sager provided the information that would be added into the affidavit to Equitable. *See e.g.*, FAC. ¶¶ 27, 30. However, this allegation is made "[u]pon information and belief[.]" *Id*. ¶ 27.[4]

The June 2020 affidavit states that Mr. Sager reviewed Mr. Wiener's MIB file. *See* FAC Ex. A ¶ 10 ("I have reviewed the MIB consumer file for Malcolm H. Wiener[.]"). It states that in October 2017 "MIB provided Mr. Wiener with a true copy of his MIB consumer file." *Id*. ¶ 11. It states that "no information contained in Mr. Wiener's file has ever been shared with any other member company except [Equitable]." *Id*. ¶ 15; *see also id*. ¶ 12 (stating that "no companies received Mr. Wiener's MIB consumer file within the three (3) year period preceding [October 2017] and no inquiries were submitted during the two (2) year period preceding [October 2017].""). And it states that Mr. Wiener's consumer file identifies four medical conditions in the form of proprietary codes, none of which are the four medical conditions Plaintiff disputes in his lawsuit with Equitable. *See id*. ¶¶ 13-14. There are no allegations that the June 2020 affidavit was an inaccurate reflection of Mr. Weiner's file, and there are no allegations that Mr. Sager provided inaccurate information to Equitable.

As described *supra*, after the June 2020 affidavit was filed in the Western District of North Carolina case, Mr. Weiner filed the Motion to Compel and Strike. *See* Mot. to Compel and Strike.

---

[4] Much of the June 2020 affidavit's content was derived from MIB's consumer website (www.mib.com).

The motion is eight-pages long and seven of those pages are dedicated to why Equitable must produce documents related to MIB guidelines. *See id*. at 1-7. Only the final page – with two very brief arguments – puts forth why the June 2020 affidavit should be stricken. *See id*. at 8. The first argument is that the June 2020 affidavit "is inadmissible hearsay." *Id*. The second argument is that the June 2020 affidavit "contains improper opinion and expert testimony[.]" *Id*. These arguments, in total, make up ten lines of the entire motion. Notably, the Motion to Compel and Strike does not object to the June 2020 affidavit as untimely for being filed after the close of discovery. *See id*. at 1-8.

The North Carolina court denied the motion. *See* Denial of Mot. to Compel and Strike. The court stated that "Plaintiff's instant motion to compel and strike is meritless" and "is a veiled request for reconsideration of the Magistrate Judge's order denying Plaintiff's first motion to compel." *Id*. at 14. Mr. Weiner argued that "he did not learn of Defendant's reliance on the [documents related to MIB guidelines] until Defendant filed [Mr.] Sager's declaration[.]" *Id*. at 16. But the court responded that "[t]he record demonstrates that Plaintiff's contention is patently false." *Id*. Plaintiff had known about Equitable's reliance on these documents "twenty months before Plaintiff filed the instant motion," *id*., and the court concluded that "there is no justification for Plaintiff's delay[.]" *Id*. at 17.

In September 2020, Mr. Sager testified via Zoom at the Equitable trial, and "[h]is testimony revealed the same protected information that Mr. Sager previously disclosed" in the affidavit. FAC ¶ 33. The trial testimony is also attached to Mr. Wiener's FAC. *See* FAC Ex. B, ECF No. 16-2. There are no allegations that the testimony is inaccurate.

On these grounds alone, Mr. Wiener filed this lawsuit. Plaintiff contends that Mr. Sager has violated FCRA § 1681r because he provided the information to Equitable that ultimately went

into the June 2020 affidavit. He contends that MIB has violated § 1681r because it had "apparent authority" over Mr. Sager. *Id*. ¶ 42. And he argues that this conduct caused him injury because the June 2020 affidavit "placed Plaintiff at a substantial disadvantage in the litigation and caused not only financial harm but distress as well." *Id*. ¶ 43. Defendants now move to dismiss the FAC with prejudice under Federal Rule of Civil Procedure 12(b)(6). Plaintiff should not be given a third opportunity to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).[5]

"Under Rule 12(b)(6), the district court must consider the complaint, attached exhibits, 'documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice.'" *O'Hara v. Diageo-Guinness, USA, Inc.*, 306 F. Supp. 3d 441, 450 (D. Mass. 2018), *on reconsideration*, 370 F. Supp. 3d 204 (D. Mass. 2019) (quoting *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011). "It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990); *see also Rodi v. S. New England Sch. of L.*,

---

[5] At the pleading stage, the First Circuit has suggested that courts should review whether a party has constitutional standing under Rule 12(b)(6), not Rule 12(b)(1). *See, e.g.*, *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730 (1st Cir. 2016) (reviewing plaintiffs' complaint under Rule 12(b)(6) for constitutional standing, and stating that "[a]lthough review of a Rule 12(b)(6) dismissal for failure to state a claim and review to ensure the existence of standing are conceptually distinct, the same basic principles apply in both situations . . . the court of appeals must take the complaint's well-pleaded facts as true and indulge all reasonable inferences in the pleader's favor. . . ."). If the matter proceeds past the pleadings stage, Defendants reserve all rights to dismiss for lack of standing based on facts in the record.

389 F.3d 5, 18-19 (1st Cir. 2004) (citing the *Kowalski* quote, and taking judicial notice of proceedings in another court).

Also, even on a motion to dismiss, courts in the First Circuit take judicial notice of certain readily ascertainable facts:

> "The court may judicially notice a fact that is not subject to reasonable dispute because it is generally known within [the court's] jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." F.R.E. 201(b). This includes "documents the authenticity of which [is] not disputed by the parties," *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993), and "official public records," *Freeman v. Town of Hudson*, 714 F.3d 29, 36-37 (1st Cir. 2013). When such a document contradicts an allegation in the complaint, the document trumps the allegation. *See Clorox Co. P.R. v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 32 (1st Cir. 2000) (citing *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 454 (7th Cir. 1998)). These rules derive from "the axiom that a writing is the best evidence of its contents . . . [and the] tenant that a court may look to matters of public record in deciding a Rule 12(b)(6) motion." *Colonial Mortgage Bankers*, 324 F.3d at 15-16.

*See O'Hara*, 306 F. Supp. 3d at 450 (alterations in original). This is an appropriate case to take judicial notice of the events that have already occurred in the Equitable litigation.

## ARGUMENT

### I.   Plaintiff Lacks Constitutional Standing.

"[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Dantzler, Inc. v. Empresas Berrios Inventory & Operations, Inc.*, 958 F.3d 38, 46 (1st Cir. 2020) (alteration in original) (quoting *Massachusetts v. U.S. Dep't of Health & Human Servs.*, 923 F.3d 209, 221 (1st Cir. 2019)). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy. The doctrine developed in our case law to ensure that federal courts do not exceed their authority as it has been traditionally understood." *Spokeo*, 578 U.S. at 338.

The "[f]irst and foremost" element of standing is injury-in-fact. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical. *Spokeo*, 578 U.S. at 339 (internal quotation marks and citation omitted).

In *Spokeo*, a class alleged that the defendant's website violated the FCRA because it "gathered and then disseminated" information that "was incorrect." *Id*. at 333. The specific types of inaccuracies were not described in the complaint – only that some information was inaccurate. The Supreme Court held that a complaint with these allegations alone fails to satisfy the concreteness requirement. *See id*. at 340-43. The Court explained that "Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, [the named plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id*. at 341. Thus, while the Supreme Court confirmed that "Congress plainly sought to curb the dissemination of false information" through the FCRA, it concluded that "[a] violation of one of the FCRA's procedural requirements may result in no harm" and "not all inaccuracies cause harm or present any material risk of harm." *Id*. at 342. "It is difficult to imagine," the Supreme Court stated, "how the dissemination of an incorrect zip code, without more, could work any concrete harm." *Id*.

Since *Spokeo*, district courts in the District of Massachusetts consider the following factors to decide constitutional standing in FCRA cases:

> In assessing whether an alleged injury to a plaintiff under the FCRA is sufficiently concrete, the Court considers "(1) whether statutory provisions at issue were established to protect [the party's] concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm, to such interests."

*Kenn v. Eascare, LLC*, 483 F. Supp. 3d 26, 32-33 (D. Mass. 2020) (quoting *Landry v. Thomson Reuters Corp.*, No. 16-cv-00507, 2018 WL 4568809, at *5 (D.N.H. Sept. 24, 2018)).

Under *Spokeo*, Mr. Wiener lacks standing to sue Defendants and the FAC should therefore be dismissed. The FAC alleges that Mr. Sager disclosed information about Mr. Wiener that <u>was already public</u>, and that <u>was accurate</u>. Indeed, Mr. Wiener is the one who publicized this information, and Mr. Wiener had already sued the entity that caused the alleged inaccuracy. The disclosure that led to the June 2020 affidavit thus had no material impact on Mr. Wiener.[6] Like *Spokeo's* inaccurate zip code, it is "difficult to imagine" how the disclosure of accurate information that Plaintiff himself made public "could work any concrete harm." *Spokeo*, 578 U.S. at 342.

For the same reason, the second prong of the two-part *Kenn* test fails. "Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52-53 (2007) (citing 15 U.S.C. § 1681). Mr. Sager's accurate disclosure of material that Mr. Wiener had already disclosed does not disrupt these principles. No interests were violated by the disclosure.

## II.   Plaintiff Cannot Allege Any Violation of the FCRA.

### A.   No Willful Violation (§1681n) of the FCRA

Section 1681n states that "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer[.]" 15 U.S.C. § 1681n(a). "[W]illfulness requires the plaintiff to show that the noncompliance was knowing or reckless." *McIntyre*, 34 F.4th at 93 (citation omitted). "[A]ctionable recklessness"

---

[6] Indeed, as the FAC acknowledges, there was a jury verdict *in favor* of Mr. Wiener after a three-day trial. *See* FAC ¶ 25. The verdict was for $8 million, which was then vacated for lack of subject matter jurisdiction. *See Wiener v. AXA Equitable Life Insurance Company*, 3:18-cv-00106-RJC-DSC (W.D.N.C.), ECF No. 117 (jury verdict); *id.*, ECF No. 144 (granting Mot. to Dismiss for Lack of Jurisdiction).

requires that a plaintiff allege "that the defendant knew or had reason to know of facts that would lead it to understand that it was running an unjustifiably high risk of violating the statute." *Id*. at 95 (internal quotation marks and citation omitted). So, if a party "is acting in compliance with a reasonable reading of an ambiguous statute — or, as the Supreme Court carefully put it, a reading that is not 'objectively unreasonable' — it cannot have been acting recklessly." *Id*. at 95-96 (citing *Safeco*, 551 U.S. at 69).

In *McIntyre*, the First Circuit affirmed the lower court's summary judgment dismissal of the willful noncompliance claim because guidance from the Consumer Financial Protection Bureau was not as a matter of law "sufficient to put RentGrow on clear notice that its battery of procedures to assure accuracy . . . was inadequate under the circumstances to satisfy its compliance obligations." *Id*. at 101.

Here, Plaintiff's allegations in the FAC counsel even more strongly in favor of dismissal. Plaintiff has failed to plead sufficient facts to plausibly show that either Defendant willfully violated the FCRA. As the Supreme Court made clear in *Safeco Insurance Company of America v. Burr*, "a company subject to the FCRA does not act in reckless disregard of [the statute] unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco*, 551 U.S. at 69.

This case presents unusual facts in that the consumer had already published the exact same information in the exact same forum. At minimum, it was "not 'objectively unreasonable'" for Mr. Sager to provide to Equitable the exact same material that Mr. Wiener had already published in support of his lawsuit against Equitable. *McIntyre*, 34 F.4th at 95-96 (citing *Safeco*, 551 U.S. at 69). Certainly, there is no guidance stating that this is not permitted.

13

Moreover, the allegations are that Defendants violated the FCRA because Mr. Sager provided information to Equitable, a furnisher, about the contents of a consumer report. *See* FAC ¶¶ 7-14. But a good faith interpretation of the FCRA provides that a consumer reporting agency may discuss the contents of a consumer report with a furnisher. *See, e.g.*, *Cortez v. TransUnion*, 617 F.3d 688, 707-711 (3rd Cir. 2010) (credit reporting agency had a duty to investigate furnisher's report when on notice of a dispute even where the consumer has not formally requested a reinvestigation). Thus, the provision of information to Equitable cannot be deemed objectively unreasonable. *See Safeco*, 551 U.S. at 69 (articulating the "reasonable reading" defense to a willfulness claim, which is that "a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless").[7]

For these reasons, without any further explanation as to how either Defendant acted more than carelessly, any attempt by Plaintiff to amend his FAC would be futile. *See Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *accord Crupar-Weinmann v. Paris Baguette Am., Inc.*, 41 F. Supp. 3d 411, 414 (S.D.N.Y. 2014).

**B.    No Negligent Violation (§1681o) of the FCRA**

Section 1681o states that "[a]ny person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer[.]" 15 U.S.C. § 1681o(a). Critically, the statute expressly states that only *actual* damages and attorneys' fees are available to a prevailing party. *See id.* § 1681o(a)(1)-(2); *see also*

---

[7]Moreover, to the extent Plaintiff's allegation rests on an affidavit filed with the court or testimony in live court, then the litigation privilege should apply. *Gillette Co. v. Provost*, 91 Mass. App. Ct. 133, 140, 74 N.E.3d 275, 282 (2017).

*McIntyre*, 34 4th at 93 ("Recovery in negligent noncompliance claims is limited to actual damages and attorneys' fees.") (citing 15 U.S.C. § 1681o(a)).

Plaintiff's failure to allege a causal relationship between any FCRA violation and Plaintiff's alleged actual damages require dismissal. It is well-settled that the alleged FCRA violation must be a "substantial" cause of the damages. *See Barrepski v. Cap. One Bank (U.S.A.) N.A.*, Civil Action No. 11-30160, 2014 WL 935983, at *7 (D. Mass. Mar. 7, 2014) (stating that FCRA plaintiffs "are required to show that the [violation] was a substantial factor in bringing about the" harm). Similarly, circuit courts outside of the First Circuit concur that a causal connection between the violation and harm is required. *See Persinger v. Sw. Credit Sys., L.P.*, 20 F.4th 1184, 1194 (7th Cir. 2021) ("Actual damages require a 'causal relation' between the statutory violation and the harm suffered by the plaintiff."); *Syed v. M-I, LLC*, 853 F.3d 492, 498 (9th Cir. 2017) (noting that "actual damages" under the FCRA "require[s] proof of actual harm.").

Plaintiff's claim for negligent violation of the FCRA must be dismissed because the FAC fails to allege that Mr. Sager's provision of information to Equitable caused any damage whatsoever. The alleged actual damages are the financial cost and distress associated with the Motion to Compel and Strike. *See* FAC ¶ 43. However, Mr. Weiner filed the Motion to Compel and Strike in order to obtain documents that it wanted as part of its case against Equitable. *See* Mot. to Compel and Strike at 1-7. Mr. Weiner did not file the motion because the June 2020 affidavit was improperly filed after the close of discovery. Indeed, Mr. Weiner did not even argue in the motion that the affidavit should be stricken due to untimeliness, and this argument is plainly a *post hoc* litigation justification. Mr. Weiner has also failed to allege that any alleged conduct it was a "substantial" cause of any alleged injury. *See Barrepski*, 2014 WL 935983, at *7. A causal nexus between the alleged FCRA violation and any damages is does not exist.

### C.      Plaintiff Cannot Meet the Statutory Requirements of Section 1681r

Section 1681r states that "[a]ny officer or employee of a consumer reporting agency who knowingly and willfully provides information concerning an individual from the agency's files to a person not authorized to receive that information shall be fined under title 18, imprisoned for not more than 2 years, or both." 15 U.S.C. § 1681r. Provisions of the FCRA – similar to the provisions of all statutes – must be read and understood based on their plain terms and, where necessary, in reliance on canons of statutory interpretation. *See e.g.*, *Safeco*, 551 U.S. at 57-58 (construing the phrase "willfully fail[ing] to comply" in the FCRA in light of "[t]he standard civil usage," "the interpretive assumption that Congress knows how we construe statutes and expects us to run true to form," and "the general rule that a common law term in a statute comes with a common law meaning, absent anything pointing another way.").

### 1.      "Any officer or employee of a consumer reporting agency" expressly excludes MIB as a Defendant.

Section 1681r begins with the phrase "[a]ny officer or employee of a consumer reporting agency[.]" *See* 15 U.S.C. § 1681r. The plain meaning of this phrase is that the provision covers two classes of persons: (1) officers of consumer reporting agencies, and (2) employees of consumer reporting agencies. *See id*. A third class is not included in this phrase: the consumer reporting agencies themselves. Indeed, construing this provision to also cover consumer reporting agencies would be unreasonable, as it would require the reader to conclude that Congress intended a consumer reporting agency to also be an officer or employee of itself.

The Complaint alleges that MIB is a "consumer reporting agency." FAC ¶ 2. Thus, the substantive provision alleged by Mr. Wiener does not as a matter of law govern the conduct of consumer reporting agencies. The Complaint thus must be dismissed against MIB.

The FAC attempts to state a claim against MIB because it had "apparent authority" over Mr. Sager. *Id*. ¶ 42. Not only is this single allegation conclusory (and thus should not be accepted), but it also makes no sense. "[A] principal may be vicariously liable for an agent's tortious conduct based upon an apparent authority theory, if the principal cloaked its agent with apparent authority, i.e., held the agent out to third parties as possessing sufficient authority to commit the particular act in question, and there was reliance upon the apparent authority." *Jones v. Federated Fin. Rsrv. Corp.*, 144 F.3d 961, 965 (6th Cir. 1998). There are no allegations that Equitable somehow relied on MIB's apparent authority over Mr. Sager when receiving information reflected in the June 2020 affidavit. There are no allegations that explain how MIB's apparent authority over Mr. Sager was at all relevant to the provision of information from Mr. Sager to Equitable.

### 2. The provision "who . . . willfully provides information" demands that the plaintiff allege recklessness, which the Complaint fails to do.

Section 1681r also states that an officer or employer must "willfully provide information" to another who lacks authorization to receive that information. For the same reasons explained above that the Complaint fails to allege a section 1681n claim for willful noncompliance with the FCRA, it also fails to allege the willfulness element of section 1681r. *See infra* § II.A.

### III. Plaintiff Cannot Obtain Injunctive Relief Against Mr. Sager That is Mooted by Mr. Sager's Retirement from Employment at MIB, Or Relief Against Defendants Unavailable as a Matter of Law.

Even if Plaintiff's claims were properly before this Court (they are not), Plaintiff's request for injunctive relief as to Mr. Sager is moot. The FAC seeks an injunction restraining Mr. Sager from certain future conduct as an employee of MIB. The requested relief is moot because Mr. Sager has retired from his post at MIB after years of service as Executive Vice President and General Counsel.

Furthermore, the injunctive relief Plaintiff's FAC seeks against MIB and Mr. Sager is not even available as a matter of law. *See, e.g.*, *Mosley v. Bank of Am., N.A.*, No. CV 20-3065, 2021 WL 4243406, at *5 (D.D.C. Sept. 17, 2021) (granting motion to dismiss FCRA claims, finding no private right of action for equitable relief); *Brown v. Penn. Higher Educ. Agency*, Civil Action No. 19-979, 2019 WL 2103127, at *2 (D.D.C. May 14, 2019) ("Nothing in the text of the FCRA 'allows private litigants to maintain a claim for injunctive relief [.]'") (quoting *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 268 (5th Cir. 2000)).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion and dismiss Plaintiff's FAC with prejudice.

Dated: July 29, 2022

Respectfully submitted,

/s/ *Kristin Madigan*
Kristin Madigan (Cal. Bar No. 233436)
*Admitted pro hac vice*
Jacob Canter (Cal. Bar No. 324330)
*Admitted pro hac vice*
Crowell & Moring LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: 1.415.365.7233
Fax: 1.415.986.2827
Email: kmadigan@crowell.com
Email:  jcanter@crowell.com

Lauren J.R. Nunez (BBO No. 687390)
Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
Tel: 1. 202.624.2500
Fax: 1. 202.628.5116
Email: lnunez@crowell.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the Electronic Case Filing system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and first-class mail or email copies will be sent to those indicated as non-registered participants, on July 29, 2022.

Dated: July 29, 2022

/s/ *Kristin Madigan*
Kristin Madigan